UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22346-CIV-O'SULLIVAN

[CONSENT]

DEBORAH SERRANO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court pursuant to Defendant's Motion to Dismiss Complaint or for a More Definite Statement (DE# 5, 11/13/07). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Complaint or for a More Definite Statement (DE# 5, 11/13/07) is **GRANTED**.

## BACKGROUND

This action arises from an automobile accident involving the plaintiff and a purported employee of the Miccosukee Tribe of Indians of Florida. See Complaint (DE# 1, 9/7/07). In her Complaint, the plaintiff alleges a single cause of action for negligence against the United States. Id.  Jurisdiction is premised on the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671 et seq. Id.

On November 13, 2007, the defendant filed Defendant's Motion to Dismiss Complaint or for a More Definite Statement (DE# 5). The plaintiff filed Plaintiff's Memorandum of Law in Response to Defendant's Motion to Dismiss or Motion for More Definite Statement (DE# 8) on November 16, 2007. The defendant filed Defendant's

Reply to Plaintiff's Response to the Motion to Dismiss Complaint or for a More Definite Statement (DE# 9) on November 21, 2007.

## STANDARD OF REVIEW

The defendant seeks to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss a complaint should not be granted unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986). In deciding a motion to dismiss, the Court's analysis is limited to the four corners of the plaintiff's complaint and the attached exhibits. Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must also accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. Caravello v. American Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999)(en banc)). The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scheuer, 468 U.S. 183 (1984).

## LEGAL ANALYSIS

On October 4, 2005, the plaintiff and Maria Perez (an employee of the Miccosukee Tribe of Indians of Florida) were involved in a car accident. The plaintiff brings the instant action against the United States pursuant to the FTCA. The FTCA provides limited waiver of sovereign immunity in suits against the United States as follows:

> for injury or loss of property, or personal injury or death caused by the

2

>negligent or wrongful act or omission of any **employee of the Government** while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added). Thus, in order for the FTCA to apply, Ms. Perez must be an "employee of the Government." Id.

Pursuant to the Indian Self-Determination and Education Assistance Act (hereinafter "ISDEAA"), Indian tribe employees, under certain circumstances, are considered employees of the government such that the United States may be liable for their actions. See Val-U Const. Co. of South Dakota, Inc. v. United States, 905 F. Supp. 728 (D. S.D. 1995) (noting that under ISDEAA, Indian tribe acting as general contractor for Indian Health Service was deemed an employee of United States government for purposes of FTCA); Mentz v. United States, 359 F. Supp. 2d 856, 859-860 (D. N.D. 2005) (finding that employee of tribally controlled school was considered an employee of the Bureau of Indian Affairs and United States could be liable under the FTCA). As one court explained:

>the idea behind [the ISDEAA] was to increase tribal participation in the management of programs and activities on the reservation. Tribes may enter into contracts with the Secretary of the Department of Health and Human Services or the Secretary of the Interior to administer programs and services that would otherwise be run by the United States government. **Where a self-determination . . . contract exists, the United States may be liable for the negligent acts of tribal employees when the employee in question is acting within the employee's scope of employment.**"

Big Crow v. Rattling Leaf, 296 F. Supp. 2d 1067, 1069 (D. S.D. 2004) (emphasis added).

The defendant seeks to dismiss the Complaint because the plaintiff has failed to allege any facts which would establish that Ms. Perez is a government employee under

3

the FTCA. "The alleged tortfeasor's status as an employee of the Government is essential to a finding of liability under the FTCA." Patterson & Wilder Const. Co., Inc. v. United States, 226 F.3d 1269, 1273-74 (11th Cir. 2000). "Without any indication of the nature of Ms. Perez's employment by the Tribe, the Complaint fails to establish that the United States would be liable under the FTCA for Ms. Perez's alleged negligence." See Defendant's Motion to Dismiss Complaint or for a More Definite Statement (DE# 5 at 2, 11/13/07). The defendant argues that "[o]nly claims resulting from the performance of self-determination contract functions are deemed to be an action against the United States and, only upon such claims are tribes . . . to 'be afforded the full protection and coverage of the Federal Tort Claims Act.'" Id. at 3 (citing 25 U.S.C. § 450f, Historical and Statutory Notes).

The plaintiff responds that the Complaint is sufficient because it alleges that she is suing the defendant under the FTCA, that Ms. Perez was an employee of a Federally recognized Indian tribe and was within in the course and scope of her employment at the time of the accident. See Plaintiff's Memorandum of Law in Response to Defendant's Motion to Dismiss or Motion for More Definite Statement (DE# 8, 11/16/07). The plaintiff further argues that she sent correspondence to the government such that "[the defendant] is aware of the claim and the nature of the Indian tribe employee's employment and has had ample time to investigate such claim." Id. at 2.[1]

The plaintiff's response misses the mark. Taking all the well pled facts in the Complaint as true, as the Court is required to do in considering a Fed. R. Civ. P.

---

[1] The Court's inquiry is limited to the four corners of the complaint, Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000), thus any extraneous correspondence between the plaintiff and the defendant is outside this Court's consideration for purposes of a Rule 12(b)(6) motion to dismiss.

4

12(b)(6) motion, the plaintiff's Complaint fails to state a cause of action against the United States. As the defendant correctly points out, not all Indian tribe employees are considered government employees under the FTCA. See Big Crow, 296 F. Supp. 2d at 1069. Thus, the plaintiff must plead facts which establish that Ms. Perez is a government employee under the FTCA.

## CONCLUSION

Taking the facts in the light most favorable to the plaintiff, the defendant is entitled to dismissal of the Complaint. The plaintiff fails to assert a claim against the United States. The plaintiff has not alleged the nature of Ms. Perez's employment is such that she is an employee of the government for purposes of the FTCA.  Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Complaint or for a More Definite Statement (DE# 5, 11/13/07) is **GRANTED**. It is further

ORDERED AND ADJUDGED that the plaintiff may file an amended complaint on or before **Monday, February 25, 2008**.

DONE AND ORDERED in Chambers at Miami, Florida this **5th** day of February, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record