UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-22346-CIV-O'SULLIVAN

[CONSENT]

DEBORAH SERRANO,
    Plaintiff,

v.

UNITED STATES OF AMERICA,
    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment (DE# 24, 8/28/08).  Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (DE# 24, 8/28/08) is **DENIED** for the reasons set forth below.

## BACKGROUND

Deborah Serrano (hereinafter "plaintiff") filed the instant action against the United States of America (hereinafter "defendant") for negligence. See Amended Complaint for Damages under the Federal Tort Claims Act (DE# 19, 2/8/08). The plaintiff's complaint arises from an automobile collision between the plaintiff and non-party Maria Perez, a police officer for the Miccosukee Tribe of Florida. Id. at 2.

On August 28, 2008, the defendant filed the instant motion. See Defendant's Motion for Summary Judgment (DE# 24, 8/28/08). The plaintiff filed her response on September 10, 2008. See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (DE# 25, 9/10/08). The defendant filed its reply on September 15, 2008. See Defendant's Reply Memorandum in Further Support of its Motion for Summary Judgment (DE# 26, 9/15/08). This matter is now ripe for review.

## FACTS

On October 4, 2005, the plaintiff and her 11-year-old daughter were traveling southbound on the Florida Turnpike in the Homestead, Florida area. The plaintiff observed two large dogs on the opposite side of the northbound lanes. Fearing that the dogs would cause an accident, the plaintiff pulled over into the left-side emergency lane and turned on her emergency flashers. The plaintiff called 911 and was placed on hold. Approximately two minutes later, Miccosukee Tribe of Florida police officer Maria Perez was traveling 50 to 60 miles per hour in the southbound direction and approaching the area where the plaintiff was stationed. Officer Perez suddenly observed the two dogs crossing the roadway from left to right (westbound) in front of her vehicle. With only a few seconds to react, Officer Perez swerved her vehicle to the left in an attempt to avoid hitting the dogs. Officer Perez hit one of the dogs and lost control of her vehicle hitting the eastside guardrail. Officer Perez's vehicle continued to spin until it hit the back of the plaintiff's vehicle in the emergency lane.

## STANDARD OF REVIEW

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The moving party bears the burden of meeting this exacting standard. Celotex

Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . [C]ourt of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323). In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Id. If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite these presumptions in favor of the non-moving party, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-23. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323.  Thus, the mere existence of a scintilla of evidence in support of the

non-moving party's position is insufficient. There must be evidence on which the [trier of fact] could reasonably find for the non-movant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

The defendant argues that "[a]lthough the Court is required to draw all reasonable inferences in favor of the party opposing summary judgment in a case where a **jury** will be the ultimate trier of fact, the [C]ourt is not required to make inference in favor of the non-moving party in a **non-**jury case where there is no issue as to the credibility of testimony." Defendant's Reply Memorandum in Further Support of its Motion for Summary Judgment (DE# 26 at 5, 9/15/08) (emphasis in original). In Nunez v. Superior Oil Co., 572 F. 2d 1119, 1124 (5th Cir. 1978),[1] the former Fifth Circuit suggested in dicta that in rare circumstances when a trial "would not enhance [the court's] ability to draw inferences and conclusions," it would serve judicial efficiency in a nonjury case for the court to decide the case on the merits at the summary judgment stage. The Court does not need to decide whether this Circuit applies a different summary judgment standard in nonjury cases. The Court finds that a trial in the instant case would enhance the Court's ability to draw inferences and conclusions from the evidence.

## ANALYSIS

The defendant seeks final summary judgment on the ground that Officer Perez acted in a reasonable manner when confronted with a sudden emergency (dogs on the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981.

highway) and therefore did not negligently cause the subject accident. See Defendant's Motion for Summary Judgment (DE# 24 at 4 - 9, 8/28/08). The sudden emergency doctrine provides that "[w]hen a driver is confronted with a sudden emergency, he is not held to the same standard of care that would otherwise be expected, but neither is he excused from not acting in a reasonable and prudent manner." Vantran Industries, Inc. v. Ryder Truck Rental, Inc., 955 So. 2d 1118, 1120 (Fla. 1st DCA 2006) (citing(Dupree v. Pitts, 159 So.2d 904, 906-07 (Fla. 3d DCA 1964)). The sudden emergency doctrine requires:

> (1) that the claimed emergency actually or apparently existed; (2) that the perilous situation was not created or contributed to by the person confronted; (3) that alternative courses of action in meeting the emergency were open to such person; and (4) that the action or course taken was such as would or might have been taken by a person of reasonable prudence in the same or similar situation.

Id. (citing Wallace v. Nat'l Fisheries, Inc., 768 So. 2d 17, 18 (3d DCA 2000)). The Court finds that even if the defendant is able to establish the first three prongs as a matter of law, the fourth prong, whether Officer Perez acted with reasonable prudence, is a genuine issue of material fact for the trier of fact to decide. See Wallace v. National Fisheries, Inc., 768 So. 2d 17, 18 - 19 (Fla. 3d DCA 2000) (observing that "the issue of whether, under the circumstances, the defendant reacted to the situation in a prudent manner" is ordinarily a question of fact).

In the instant case, Officer Perez testified at deposition as follows:

Q.   When you first saw [the dogs], were they in front of you or how far to the side of you were they?

A.   **When I realized what was going on and [the dogs] were in front of me, they were pretty much right in front of me.** You know, I'm traveling, I see the dog already crossing the southbound lanes and my

5

natural reaction was not to hit it, so I swerved thinking I would avoid hitting them, and that's where I ended up losing control of the vehicle and spinning out, hitting the guardrail.

\* \* \*

Q. And correct me if I'm wrong, there is a guardrail, there is an emergency lane, and then there is two soundbond lanes. Correct?

A. Yes.

Q. So when you first noticed the dogs, were they beyond the guardrail and the emergency lane?

A. They're already on the southbound lanes, so they already passed the guardrail, they already passed the emergency lane.

\* \* \*

Q. Okay, but the dogs were heading - -

A. East to west traveling, kind of.

Deposition of Officer Perez (DE# 24-3 at 15 - 16, 8/28/08) (emphasis added).[2] Officer Perez did not recall seeing the plaintiff's vehicle stopped in the emergency lane at any time prior to hitting it.

The plaintiff testified that when she first spotted the dogs they were on the emergency lane on the east side of the northbound lanes. See Deposition of Deborah Serrano (DE# 24-2 at 6-7, 8/28/08). Approximately two minutes later, the dogs moved in front of Officer Perez' car. Officer Perez swerved in an attempt to avoid hitting the dogs. Officer Perez lost control of her vehicle, hit the guardrail and then hit the back of the plaintiffs' vehicle in the emergency lane. There is no evidence that the dogs were obstructed from view from the time the plaintiff saw them to the time they attempted to

---

[2] Officer Perez later testified that the dogs appeared very quickly, a second or two before the accident. Deposition of Officer Perez (DE# 24-3 at 37, 8/28/08).

cross in front of Officer Perez's vehicle. Based on these facts, for at least two minutes[3] the dogs may have been visible in the area between the north and southbound lanes. Thus, an issue of fact exists whether a reasonably prudent driver would have noticed the dogs on the highway before Officer Perez did and had sufficient time to take corrective measures to prevent an accident. Because genuine issues of material fact exist, summary judgment is inappropriate.

The defendant further argues that the plaintiff's own conduct caused her injuries. Id. at 10-11. "[I]nstead of proceeding a safe distance from the zone of danger that she had identified or having her daughter call 911, Plaintiff Serrano chose to immediately stop her vehicle in the left emergency median on the Turnpike in order to place the call herself." Defendant's Motion for Summary Judgment (DE# 24, 8/28/08). The defendant concludes that "[b]ut for Plaintiff Serrano's improper and unlawful presence in the median, Officer Perez's vehicle would not have collided into the Plaintiff's vehicle." Id. at 10-11. Whether the plaintiff was the legal cause of the accident or contributed to her own injuries is an issue of fact for the Court to decide at trial. See Fries v. Florida Power and Light, Co., 402 So. 2d 1229, 1230 (Fla. 5th DCA 1981) (reversing summary judgment and noting that comparative negligence of the plaintiff was a genuine issue of material fact). The plaintiff's alleged comparative negligence does not entitle the defendant to summary judgment as a matter of law based on the facts of the instant case.

The defendant has not met its burden on summary judgment. Genuine issues of

---

[3] The plaintiff testified that she was on hold with 911 for approximately two minutes before the accident. See Deposition of Deborah Serrano (DE# 24-2 at 7, 8/28/08).

material fact appear to include at least the following: (1) whether Officer Perez should have observed the dogs earlier; (2) whether Officer Perez acted reasonably in attempting to avoid hitting the dogs and (3) whether the plaintiff exercised reasonable care in stopping her vehicle in the emergency lane in order to call 911. See Wallace v. National Fisheries, Inc., 768 So. 2d 17, 19 (Fla. 3d DCA 2000) ("[w]hether [the driver] had the time, space, and capacity to avoid the accident were all questions of fact.").

## CONCLUSION

Based on the foregoing, the defendant has not shown that it is entitled to summary judgment as a matter of law. As such, Defendant's Motion for Summary Judgment (DE# 24, 8/28/08) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this **9th** day of October, 2008.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel on record